MANHATTAN UPHOLSTERING COMPANY v. GEORGE EP-
STEIN ET AL., PARTNERS, AS EPSTEIN BROTHERS.

Argued October term, 1927—Decided January 26, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Simon Englander.*

For the appellee, *Kessler & Kessler.*

PER CURIAM.

The action was tried without a jury, in the Essex District Court, and judgment was rendered for the plaintiff for $350.

The action was to recover the price of a suite of furniture sold by the plaintiff through its saleman to the defendants. The furniture was delivered to the defendants in October, and the following day the salesman agreed to a return of the goods if the same were not sold by the defendants. Early in January the goods, not having been sold, were placed in defendants' warehouse at the salesman's suggestion, and in the following month, upon orders of the salesman, were transferred to the Globe Furniture Company in the latter's truck.

The salesman testified that he gave defendants credit for the goods, and that he advised the plaintiff to charge it to his (salesman's) account. The plaintiff's testimony was that the salesman was not authorized to agree to a return of the goods; that previous returns were arranged by defendants over the telephone, whereupon the plaintiff immediately mailed to defendants credit checks therefor.

The first point is that the court's decision was not in accordance with the law and the evidence; in that evidence

showed that the salesman had apparent authority to make exchanges, refunds and credits. The entire case turned upon the extent of the agent's authority, and the court sitting as a jury resolved it as a fact question against defendants. *Doyle* v. *Loft*, 98 *N. J. L.* 516.

The next point is that the evidence was conclusive that the goods were sold on memorandum (to be returned if not sold), so that title never passed to defendants. That also was a fact question for the jury, and was involved in the question of the extent of the salesman's authority.

The final point urged is that the court erred in overruling the question, "and under that authority [certificate to whom it may concern stating that Mr. ———— was plaintiff's salesman duly authorized to make collections], did you take returns of furniture from other?" The practice of the salesman in other instances, unless brought home to the plaintiff's knowledge so that ratification of the practice might be inferred, was irrelevant. The question was not sufficiently comprehensive to suggest such a status, and was, properly, overruled.

The judgment will be affirmed.